```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| ALY RICHARDSON, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil No. 12-4273 (JBS) |
| | : | |
| v. | : | |
| | : | |
| CAMDEN COUNTY INCORPORATED, et al., | : | **MEMORANDUM AND ORDER** |
| | : | |
| Defendants. | : | |

It appearing that:

1. On July 11, 2012, the Clerk of the Court docketed the instant Complaint. The body of the Complaint names only Aly Richardson as a Plaintiff but was signed by three additional persons: William Henderson Sr., Klein Faulkner, and David Ringgold. Though no representative has been designated, this complaint appears to be an attempt to self-certify a class of allegedly aggrieved detainees at the Camden County Correctional Facility. See Docket Entry No. 1.

2. Subsequent to the initial filing, three additional individuals, Corey Boyce, Lawrence Carter, and Matthew Ingram, submitted letters requesting to join in the litigation as plaintiffs. See Docket Entry Nos. 3, 4, 5.

3. No filing fee was received on behalf of any plaintiff.

4. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial

    requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis. Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

5. Plaintiff Richardson provided an "Application to Proceed In Forma Pauperis" on his own behalf, see Docket Entry No. 1-1, however that application is deficient because Plaintiff's account statement did not provide account information for the correct time period.

6. The six remaining Plaintiffs did not provide any account information whatsoever.

7. To the extent that Plaintiffs are attempting to establish class certification, that application will be dismissed because this complaint cannot proceed as a class action in its present posture. Since not all Plaintiffs signed the Complaint, and since no Plaintiffs have paid the filing fee or submitted a properly completed application to proceed in

forma pauperis, this Court has no certainty that all named Plaintiffs intend to incur the financial responsibility and legal consequences associated with initiation of this action.  See Fed. R. Civ. P.11(a)(requiring each plaintiff to sign the complaint); 28 U.S.C. § 1914(a)(the filing fee for a civil rights complaint it $350.00); 28 U.S.C. § 1915(b)(if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee); Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009)(litigants proceeding as joint plaintiffs are subject to $350.00 assessment each if they proceed in forma pauperis); Hairston v. Gronolsky, 348 Fed. App'x 716 (3d Cir. 2009)(regardless of the litigant's willingness or unwillingness to be assessed the filing fee, the litigant's "legal obligation to pay the filing fee [is automatically] incurred by the initiation of the action itself"). Moreover, an individual proceeding pro se cannot legally represent other members of a class, whether named or unnamed; to do so would be to engage in unauthorized practice of law, inconsistent with the requirement for adequate counsel.  See Fed. R. Civ. P. 23(a)(4) & (g) (requiring counsel who will fairly and adequately represent the members of the class).

8.  The Court, however, cannot rule out the possibility that any/all Plaintiff(s) named in the Complaint might wish to prosecute his/their own claims and would be able to file amended complaints detailing the specific facts which each Plaintiff <u>bona</u> <u>fide</u> believes to be indicative of his rights being violated.

THEREFORE, it is on this __**2nd**__ day of __**January**__, 2013;

ORDERED that Plaintiffs' application for class certification is **DISMISSED**; and it is further

ORDERED that Plaintiffs' applications to proceed <u>in forma pauperis</u> are denied; and it is further

ORDERED that the Complaint, Docket Entry No. 1, is DISMISSED. Such dismissal is without prejudice to Plaintiffs' filing of individual amended complaints which conform to the Federal Rules of Civil Procedure; and it is further

ORDERED that the "Petition for Preliminary Injunction" is denied as moot; and it is further

ORDERED that the Clerk shall terminate all Plaintiffs in this matter, except for Aly Richardson; and it is further

ORDERED that the Clerk shall administratively terminate this matter, subject to reopening in the event Aly Richardson submits, within 45 days from the date of entry of this Order, his signed amended complaint asserting his own challenges, together with his

filing fee of $350.00 or with his duly executed in forma pauperis application; and it is further

ORDERED that the Clerk shall open six new matters for the additional Plaintiffs: William Henderson Sr., Klein Faulkner, David Ringgold, Corey Boyce, Lawrence Carter, and Matthew Ingram. Each new matter shall designate each of these individuals as "Plaintiff" in his respective new matter; and it is further

ORDERED that the Clerk shall docket the instant Complaint, Docket Entry No. 1, in each such new matter; and it is further

ORDERED that the Clerk shall designate, in each such new matter, "Cause:42:1983 Prisoner Civil Rights" and "Jurisdiction: Federal Question"; and it is further

ORDERED that the Clerk shall administratively terminate each of these newly opened matters, subject to reopening in the event the Plaintiff designated in the matter submits, within 45 days from the date of entry of this Order, his signed amended complaint stating the Plaintiff's individual claims and designating appropriate defendants with regard to those claims. Each such submission should be made together with the Plaintiff's filing fee of $350.00 or his duly executed in forma pauperis application; and it is further

ORDERED that the Clerk shall serve copies of this Order upon all Plaintiffs by regular U.S. Mail. Each such mailing shall include a blank civil complaint form and blank in forma pauperis

5

application form for litigants seeking to file a civil complaint for use by a prisoner; and it is further

ORDERED that each of the Clerk's mailings to Plaintiffs (excluding Richardson) shall also include a copy of the docket sheet of the new matter opened for that particular Plaintiff; and it is finally

ORDERED that no statement made in this Order shall be construed as expressing this Court's opinion about either procedural or substantive validity (or invalidity) of the claims that might be alleged by any Plaintiff referred to in this Order.


                                        **s/ Jerome B. Simandle**
                                        Jerome B. Simandle
                                        Chief Judge
                                        United States District Court